Keif Storrar
DOUBEK, PYFER & STORRAR
PO Box 236
Helena MT 59624
Telephone: (406) 442-7830
Facsimile:  (406) 442-7839
keif@lawyerinmontana.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NICOLE PHILLIPS,<br><br>       Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and JOHN DOES 1-10<br><br>       Defendants. | Cause No. _____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her attorney of record, alleges as follows in support of her complaint against Defendant.

**I.  PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Nicole Phillips, is a resident of Helena, Montana. She works at Costco and was forced to leave work due to an illness and sickness.

2. Costco Wholesale Corporation is a corporation engaged in business within the State of Montana. Costco Wholesale Corporation provides disability benefits to its employees through a disability benefit plan, called: Costco Employee Benefits Program – Long Term Disability Plan Benefits ("Disability Benefit Plan"). The Disability Benefit Plan is administered by a third-party company, Unum, the defendant in this case.

3. Defendant Unum Life Insurance Company of America ("Unum") has been designated as the Plan Administrator solely for purposes of determining claims under the Disability Benefit Plan. Unum's address as listed in the Disability Benefit Plan is Unum, 2211 Congress Street Portland, Maine, 04122. Unum's registered agent for purposes of service is Severin M. Beliveau c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

4. The Disability Benefit Plan document states "[a]s a Plan Administrator, Unum would be the proper defendant in a legal action or lawsuit you file under ERISA only to the extent the legal action or lawsuit seeks to recover benefits under the Costco Benefits Program - Long Term Disability Plan Benefits."

5. This lawsuit seeks to recover benefits under that plan.

6. Plaintiff has standing to bring this action under 29 U.S.C. § 1132, in that the actions of Unum have wrongfully denied her of her long-term disability

benefits due to her under the Disability Benefit Plan and Unum has violated its fiduciary and contractual duties to Plaintiff.

7. The denied long-term disability claims referred herein pertain to Plaintiff's employment with Costco Wholesale Corporation and the store location in Helena, Montana.

6. Jurisdiction and Venue are proper in this 29 U.SC. § 1132(e) which give the State Court concurrent jurisdiction in these types of cases. The insurance policies at issue were provided to Plaintiff through her employer, the Costco Wholesale Corporation.

7. Plaintiff has satisfied the requirement to exhaust her administrative remedies and was informed by letter from Unum of her rights to file this lawsuit.

## II.  STATEMENT OF FACTS

8. Plaintiff stopped working in her job as a Refund Cashier due to multiple medical issues and complaints including skin lesion, fatigue, dizziness, weakness, expressive dysphasia and 'impaired cognition. Her date of disability was determined to be May 1, 2017.

9. The Unum Benefits Center determined "Ms. Phillips would have been precluded from performing the material and substantial duties of her own job through her emergency room evaluation on October 26, 2017." She was paid short term disability benefits through Unum until November 5, 2017.

10. After short term benefits ended, and despite her continued debilitating symptoms, Plaintiff attempted to return to work so that she did not lose her job. Her return to work exacerbated her symptoms even more. She was not able to actually work her shifts as planned, in fact by the end of her 90-days to re-establish benefits she was using sick leave and not working at all.

11. In an August 8, 2018 denial letter, Unum used this fact of Plaintiff going back to work to justify her loss of entitlement to long-term disability benefits due to going back to work before the end of the Elimination Period. When, the plan document states that Unum will continue to treat the disability as continuous if the "date of your disability stops for 90-days or less during the elimination period." The facts of this case show that Plaintiff fell within this 90-day provision and would have continued to be classified as disabled under the terms of the plan to qualify for long-term disability benefits.

12. Plaintiff's ailments continued and included symptoms of dizziness, nausea, flu like symptoms, headaches, and chills. Doctors had difficulty classifying her condition and various sicknesses. There were various medical classifications, based on the variety of physical symptoms displayed of, Lyme disease or another tick born infection, mold toxin illness, mycotoxins and endotoxins exposure. The latter mold/biotoxin exposure was later re-confirmed

by her treating provider after the 90-day stint back at work where Plaintiff's symptoms worsened.  During that period, Plaintiff's symptoms had tremors, vertigo, shortness of breath, anxiety, skin abnormalities, lesions that drained clear fluid, memory loss, ADD, confusion, extremely high blood pressure, crying spells, heart issues, hormonal imbalance, infection, tachycardia and extreme back pain and depression.  Plaintiff's symptoms caused her to stop driving for 6 to 7 months.  She would collapse out of pure exhaustion.  She had severe tremors in her hands and legs.  She was sleeping for up to four days straight in 2017.  She would get easily confused, have memory issues, would not recognize where she was.

13.   Due to the physical symptoms that were clearly visible to her bosses at work and her own concerns of her ability to complete the duties normally required for the performance of her job or any reasonable alternative offered by Costco (she was moved within the store to provide an accommodation and still unable to perform her duties).  Her sickness made her unable to complete any job at Costco due to the vast array of symptoms. As a result, she was forced to go on leave.

14.   Plaintiff's doctor recommended that she stay off work indefinitely due to her debilitating symptoms.

15.   Despite Unum's knowledge of the vast array of sicknesses affecting Plaintiff, that clearly fell within the terms of the Disability Benefit Plan, Unum

went to significant efforts to discredit Plaintiff and deny the claim and did deny the claim through the appeal process.

16. Instead of looking at the vast array of physical symptoms which painted a global picture of the debilitating symptoms, Unum picked apart individual diagnoses to claim that each diagnosis in and of itself did not constitute a disability. However, when taken as a whole it was clear that Plaintiff's body had something wrong and she could not function in any capacity in her position.

### III.  CLAIMS FOR RELIEF

### COUNT ONE – Claim for Benefits under 29 U.S.C. § 1132(a)(1)(B)

33. Plaintiff realleges and incorporates by reference herein each and every allegation set forth above and, in addition thereto, alleges the following:

34. Plaintiff had contractual relationships with Unum, pursuant to which Unum was to provide disability benefit to Plaintiff if her "Sickness" in a way that rendered her Disabled under the policy.

36. Unum had once agreed that Plaintiff was Disabled under the terms of the policy; but then changed its tune and began denying benefits once Plaintiff applied for long-term disability benefits.

37. Plaintiff is entitled to long-term disability benefits past due and ongoing to be determined by the Court.

## COUNT TWO – Clarification of Right to Future Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

38. Plaintiff realleges and incorporates by reference herein each and every allegation set forth above and, in addition thereto, alleges the following:

39. Plaintiff will continue at her current disability until some unknown point in the future but continues to undergo significant and long-term care for her Sickness.

40. She therefore requests a clarification of a right to future benefits until their contractual termination date.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For an award of past and future benefits and interest under a long-term disability plan pursuant to 29 U.S.C. § 1132(a)(1)(B);

2. Attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) or any other relevant authority; and

//

//

//

//

//

3. For such other legal or equitable relief as the Court deems just.

DATED this 20th day of September, 2019.

>DOUBEK, PYFER & STORRAR, PLLP
>
> /s/ Keif Storrar, Esq.
>KEIF STORRAR
>*Attorney for Plaintiff*