

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NICOLE PHILLIPS,<br><br>        Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and JOHN DOES 1-10,<br><br>        Defendants. | No. CV 19-60-H-SEH<br><br>**ORDER** |

This case is exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1)(B) and is subject to L.R. 16.2(a).

ORDERED:

1. Lead counsel for each party shall meet on or before **January 7, 2020**, to develop a case management plan. The parties shall file the case management plan on or before **January 21, 2020**. The case management plan filed by the parties will not be subject to revision absent compelling reasons.

2. The case management plan shall contain deadlines for the following pretrial motions and events or shall state that such deadlines are not necessary:

    a.    Motions to dismiss (fully briefed);

  b. Certification of administrative record;

  c. Plaintiff's designation of expert witnesses;

  d. Defendant's designation of expert witnesses;

  e. Motions to supplement the administrative record;

  f. Motions to amend the pleadings;

  g. Completion of discovery;

  h. Motions for summary judgment (fully briefed); and

  i. Additional deadlines agreed to by the parties.

The case management plan shall also contain a statement of the areas in which each party expects to retain expert witnesses.

  3. All motions shall be timely filed to ensure they are fully briefed by the date specified in the case management plan. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Clerk of Court.

**The parties shall submit a paper copy of all filings in excess of 20 pages to Judge Haddon's Chambers. L.R. 1.4(b)(4). Filings include any combination of a motion, brief in support, attachments or exhibits that when taken together exceed 20 pages. All documents filed in connection with a motion for summary judgment are subject to this requirement.**

4. Each party to the case must be represented at the case management plan conference by at least one person with authority to enter into stipulations.

5. The parties shall either:

   a. Enter into the following stipulation:

   The parties stipulate as to identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, counsel for the objecting party must make and serve a specific objection to the document to all other counsel in writing within 30 days of receipt of the document. If a document is produced and the producing party objects either to identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial;

   or,

   b. State why a stipulation to identification and authenticity is not appropriate for the case.

6. The following procedures shall be observed if expert testimony is to be offered:

    a. Expert reports are required for any witness retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony.

    b. Expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify.

    c. Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.

7. Separate written disclosures of all non-retained experts (expert witnesses not obliged to provide a Fed. R. Civ. P. 26(a)(2)(B) written report) are required. Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:

    a. A separate statement of each opinion to be offered.

    b. Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming each of the opinions expressed. Copies of all documents and data considered,

referenced, or relied upon shall be attached as exhibits to the written disclosure when filed.

  c. A separate statement of the bases and reasons for each of the opinions.

Such Fed. R. Civ. P. 26(a)(2)(A) disclosures are expected to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

  8. A party must disclose evidence intended solely to contradict or rebut expert testimony or evidence identified by another party within 30 days of the date set forth for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D).

  9. Initial reports or depositions of experts determined to be inaccurate or incomplete shall be corrected or completed by supplemental disclosure no later than 30 days before the deadline set for summary judgment motions.

DATED this 14th day of November, 2019.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge